Christopher Massenburg (State Bar No. 309621)
cmassenburg@mgmlaw.com
Lindsay Weiss (State Bar No. 268076)
lweiss@mgmlaw.com
Charles W. Jenkins (State Bar No. 134338)
cjenkins@mgmlaw.com
**MANNING GROSS + MASSENBURG LLP**
444 South Flower Street, Suite 4100
Los Angeles, CA 90071
Tel.: (213) 622-7300
Fax: (213) 622-7313

Attorneys for Defendant
**GREENE, TWEED & CO., INC.**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOYCE A. STRINGER and NANCY C. STRINGER,<br><br>        Plaintiffs,<br><br>    v.<br><br>AMERICAN BILTRITE, INC., et al.<br><br>        Defendants | Case No.:  2:23-cv-09813-SVW-E<br><br>**DEFENDANT GREENE, TWEED & CO., INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF PURSUANT TO FRCP § 60(b) AND FOR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 USC § 1406(a)**<br><br>Filed Concurrently with:<br><br>1. Notice of Motion<br>2. Declaration of Shannon R. Jackson<br>3. Declaration of Charles W. Jenkins<br><br>Date: January 8, 2024<br>Time: 1:30 p.m.<br>Courtroom: 10A |

*Manning Gross + Massenburg LLP*

MEMORANDUM OR POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREENE, TWEED & CO., INC.'S MOTION FOR RELIEF PURSUANT TO FRCP § 60(b) AND FOR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 USC § 1406(a)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On November 17, 2023, Defendant GREENE, TWEED & CO., INC. ("Greene, Tweed") filed a notice of removal of *Boyce Stringer, et al. v. American Biltrite Inc*., from the Superior Court of California, County of Alameda, Case No. 23CV046055, pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446.  Unfortunately, due to a clerical error, the Notice of Removal and related pleadings were uploaded to the United States District Court for the Central District instead of the United States District Court for the Northern Central District. See the concurrently filed Declaration of Shannon R. Jackson. Greene, Tweed acted immediately to correct the mistake upon learning of it.  Critically, the grounds for removal remain the same; suit is properly situated in Federal Court.

### II.   REMOVAL IS PROPER

Plaintiffs, Boyce A. Stringer and Nancy C. Stringer (collectively "Plaintiffs") allege that Plaintiff, Boyce A. Stringer's ("Plaintiff") mesothelioma was caused by his work with and around a wide variety of asbestos-containing products, including Greene, Tweed products while he served in the United States Navy as a machinist mate maintaining and repairing equipment from approximately April 1967 to January 1971. Based upon the declaration of RADM David P. Sargent (Rec. Doc. 1-4) the Greene, Tweed products manufactured and supplied to the Navy were based upon the requirements specified by the Navy.

### III.   RELIEF BASED ON FRCP RULE 60(b)

Greene, Tweed requests relief from the above mistake pursuant to FRCP Rule 60(b) which states in relevant parts:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

Manning Gross + Massenburg LLP

\*\*\*

(6) any other reason that justifies relief.

As stated in the concurrently filed declaration of Shannon Jackson, she mistakenly filed the Removal documents in the Central District and not the Northern District. Notably, all removal documents filed in this Court and the state court included the Northern District in the case caption. The filing of the removal pleadings in the Central District was unintentional, and said mistake should not deprive Greene, Tweed of its right to remove the suit to federal court.

Recently, the District Court for the Northern District of California considered Rule 60 in relation to mistake:

> Because 'Rule 60(b) is remedial in nature, it must be liberally applied.' *Gregorian v. Izvestia*, 871 F.2d 1515, 1523 (9th Cir. 1989). In making a Rule 60(b)(1) determination, a court must apply a four-factor test, considering: '(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.'[1]

No party will be prejudiced by the transfer of this case to the Northern District. Suit is properly in federal court, and there has been no extensive pleading or motion practice that would anchor the matter to the Central District. Moreover, the Notice of Removal was filed on November 17, 2023, and within three (3) business days, Greene, Tweed has filed the instant motion to correct the error.  There is no delay in requesting relief.  A transfer will not significantly delay the prosecution of this case.  Nor can there be any

---

[1] *IN RE: PG&E CORPORATION and Pacific Gas and Electric Company*, 651 B.R. 448, at 452. (quoting *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993))).

*Manning Gross + Massenburg LLP*

MEMORANDUM OR POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREENE, TWEED & CO., INC.'S MOTION FOR RELIEF PURSUANT TO FRCP § 60(b) AND FOR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA PURSANT TO 28 USC § 1406(a)

dispute that Greene, Tweed's conduct was in good faith; each pleading bore the proper caption of the intended Court, and the filing was a simple clerical error.

## A. <u>TRANSFER TO THE NORTHERN DISTRICT COURT</u>

As a result of the mistake described above, Greene, Tweed seeks to transfer this case to the Northern District, pursuant to 28 USCA § 1406(a), which states:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The Northern District for California, as the intended removal district, qualifies as a district in which this suit may have been brought. An almost identical situation was considered by the court in *Gaines v. UNUM Life Assurance Co. of Am., No*. CV 10-1885 (RHK/JJK), 2010 WL 11526773, at *1 (D. Minn. June 16, 2010). There, the plaintiff filed a suit in Wisconsin state court. The defendant removed the suit to the United States District Court for the District of Minnesota but intended for the suit to be in the Eastern District of Wisconsin. In order to remedy the mistake, the defendant moved to transfer pursuant to 28 U.S.C. § 1406(a). The *Gaines* court reasoned that transfer was in the interest of justice because disallowing the transfer would deprive the defendant of its right to remove. *Id*. at *2. The court further noted that multiple other district courts have used transfer to remedy removal to a mistaken district. *Id*. at *1 (citing *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994); *Scoular Co. v. DJCB Farm P'ship, No. 2:09CV00061*, 2009 WL 2241592, at *2–3 (E.D. Ark. July 24, 2009); *Anderson v. Ames True Temper, Inc.*, No. 4:08–CV–245, 2008 WL 619383, at *1 (E.D. Mo. Mar. 4, 2008); *MBL Life Assurance Corp. v. Lampert Plans, Inc.*, No. 96 Civ. 3832, 1996 WL 494900, at *1 (S.D.N.Y. Aug. 30, 1996); *Ullah v. FDIC*, 852 F. Supp. 218, 221 (S.D.N.Y. 1994); *Mortensen v. Wheel Horse Prods., Inc.*, 772 F. Supp. 85, 89–91 (N.D.N.Y. 1991)).

///

MEMORANDUM OR POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT GREENE, TWEED & CO., INC.'S MOTION FOR RELIEF PURSUANT TO FRCP § 60(b) AND FOR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 USC § 1406(a)

Manning Gross + Massenburg LLP

Manning Gross + Massenburg LLP

Indeed, The Eastern District of California has faced a similar question and come to the same conclusion. In *Shamrock Mfg. Co. v. Ammex Corp.*, No. CV-F-10-908 OWW/SKO, 2010 WL 3153976, at *1 (E.D. Cal. Aug. 9, 2010), the plaintiff filed suit in San Bernardino County Superior Court, and the defendant removed the suit to the Eastern District when the proper federal venue was the Central District. Like here, the removal to the improper district in *Shamrock* was due to a clerical error. The Eastern District held that transfer to the proper district was warranted, holding that federal jurisdiction attached once the case was removed, and the underlying concern became one of venue. Accordingly, transfer was allowed pursuant to Section 1406(a).

The same result is called for here. As is discussed above, the removal to this Court was a clerical error; Greene, Tweed intended to remove to the Northern District and indeed captioned all pleadings accordingly. Granting transfer pursuant to Section 1406(a) would further the interests of justice, correct the inadvertent mistake, and allow the case to proceed. However, denying the transfer could result in Greene, Tweed being deprived of its right to remove the suit.

For all of the foregoing reasons, Greene, Tweed respectfully requests that the Court grant this motion and transfer this matter to the United States District Court for the Northern District of California.

Respectfully submitted,

Dated:  November 22, 2023          **MANNING GROSS+MASSENBURG LLP**

By: _____/s/ *Charles W. Jenkins*_____

Christopher Massenburg
Lindsay Weiss
Charles W. Jenkins
Attorneys for Defendant,
**GREENE, TWEED & CO., INC.**

Manning Gross + Massenburg LLP

# CERTIFICATE OF SERVICE

United States District Court, Central District Case No.: 2:23-cv-09813-SVW-E

I, the undersigned, declare and state:

That I am employed in the County of San Francisco, State of California.  I am over the age of eighteen (18) and not a party to the within action; my business address is 101 Montgomery Street, Suite 2850, San Francisco, CA 94104.

On the date set forth below, I served the following document described as:

**DEFENDANT GREENE, TWEED & CO., INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF PURSUANT TO FRCP § 60(b) AND FOR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 USC § 1406(a)**

on all interested parties in this action as indicated below:

☒ **BY ELECTRONIC COURT FILING (ECF)**:   I caused the above-entitled document(s) to be served electronically through the United States District Court, Central ECF website, addressed to all parties appearing in the Court's ECF service list. A copy of the filing receipt will be maintained with the original document in our office.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on November 22, 2023, in San Francisco, California.


           /s/ *Jen Merrill*
           Jen Merrill

MEMORANDUM OR POINTS AND AUTHORTIES IN SUPPORT OF DEFENDANT GREENE, TWEED & CO., INC.'S MOTION FOR RELIEF PURSUANT TO FRCP § 60(b) AND FOR TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA PURSANT TO 28 USC § 1406(a)